IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19-596 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEONARD L. GRIGSBY and | ) |
| BARBARA F. GRIGSBY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C § 7401, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to recover erroneous refunds of income taxes made to Defendants Leonard L. Grigsby and Barbara F. Grigsby and to obtain a judgment against them for the amount of the erroneous refund, plus statutory interest thereon, and alleges as follows for its complaint in this matter.

**Jurisdiction and Parties**

1. This action is brought pursuant to 26 U.S.C. § 7405(b) to recover erroneous refunds of federal taxes paid to the Defendants Leonard L. Grigsby and Barbara F. Grigsby.

2. This Court has jurisdiction over the subject matter of this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3. Defendant Leonard L. Grigsby resides within the jurisdiction of the Court.

4. Defendant Barbara F. Grigsby resides within the jurisdiction of the Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

## The Erroneous Refund

6. During the year 2013, Leonard Grigsby was a member of Cajun Industries, LLC & Subsidiaries (hereinafter, "Cajun"). Cajun has elected to be treated as an "S corporation" for federal income tax purposes.

7. Under 26 U.S.C. § 1366, an S corporation's items of income, loss, deduction or credit are treated as if they were realized directly by the corporation's shareholders, divided pro rata. Each shareholder's respective items are reported to them, and to the IRS, on Schedule K-1.

8. Leonard and Barbara Grigsby timely filed a joint federal income tax return for the 2013 tax year claiming an overpayment carryforward to tax year 2014 of $239,310. This federal income return is referred to below as the Grigsbys' First 2013 Return.

9. The Internal Revenue Service (IRS) applied the $239,310 carryforward to the 2014 tax year.

10. After filing their First 2013 Return, but still before the April 15, 2014, deadline, Leonard and Barbara Grigsby filed a second joint federal income tax return for 2013 claiming an overpayment carryforward of $259,962 to the 2014 tax year ("the Second 2013 Return").

11. The IRS did not process the Grigsbys' Second 2013 Return until approximately September 15, 2017.

12. On both their First 2013 Return and their Second 2013 Return, Leonard and Barbara Grigsby reported Leonard Grigsby's pro rata share of Cajun's income for 2013.

13. On or about November 19, 2015, Cajun engaged Alliantgroup, LP, to perform a Research and Development Tax Credit Study for the tax years 2012 through 2016. The Study purported to analyze whether Cajun was entitled to claim any "research credits" under 26 U.S.C. § 41. That Section of the Internal Revenue Code permits businesses to claim an income tax

2

credit for increasing certain qualified research expenses or basic research expenses, or for making payments or contributions to an energy research consortium.

14. Cajun had not previously claimed any research credits on its 2012, 2013, and 2014 federal tax returns.

15. On or about October 3, 2016, Cajun filed an amended federal tax return for its income tax period ending September 30, 2013 that claimed $1,341,420 of research credits under 26 U.S.C. § 41.

16. On or about October 3, 2016, Leonard and Barbara Grigsby filed another amended 2013 federal income tax return ("the Third 2013 Return"). The Grigsbys' Third 2013 Return claimed a tax refund in the amount of $576,756. The claimed refund was attributable from the portion of the researched credits claimed on Cajun's amended federal tax return that were allocable to Leonard Grigsby as one of its shareholders.

17. On or about March 27, 2017, the IRS sent a letter to Leonard and Barbara Grigsby stating that the Third 2013 Return could not be processed because the IRS had no record of an amended Schedule K-1 from Cajun.

18. On or about April 24, 2017, Leonard and Barbara Grigsby sent the IRS the amended Schedule K-1 from Cajun's income tax period ending September 30, 2013.

19. On or about May 4, 2017, the IRS sent a letter to Leonard and Barbara Grigsby stating that the IRS was denying their claim for refund in the Third 2013 Return because it was not timely filed.

20. On or about May 19, 2017, Leonard and Barbara Grigsby protested the denial of their claim and provided proof of their timely filing.

21. On September 18, 2017, the IRS processed the Second 2013 Return as an

3

amended return. It allowed the additional overpayment of $20,652 claimed on that return.

22. The IRS then processed the Third 2013 Return and erroneously allowed the $576,756 refund claimed on that return.

23. On November 4, 2016, the IRS erroneously issued to Leonard and Barbara Grigsby a refund in the amount of $671,071.38, which reflected the amount of the refund claimed by the Grigsbys on their Third 2013 Return, plus statutory overpayment interest of $373,663.38.

24. Cajun is not entitled to the research credits it claimed on its amended 2013 federal tax return because Cajun failed to comply with the statutory and regulatory requirements under 26 U.S.C. § 41.

25. Specifically, Cajun claimed the credits for activities that did not constitute qualified research under 26 U.S.C. § 41(d). Cajun did not engage in technological or scientific research to design and/or create new or improved business components of Cajun.

26. Furthermore, Cajun is not entitled to claim the research credits because it did not maintain, and did not claim and compute research credits with, sufficient documentation and substantiation of the percentage of overall work time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees.

27. Furthermore, Cajun is not entitled to the research credits because it claimed the credits based on computations that are incorrect under 26 U.S.C. § 41. Its claim is based on an invalid statistical sampling of projects that did not involve qualified research under 26 U.S.C. § 41(d) and that used wage expense data that is based on insufficient documentation and

substantiation of the percentage of overall work time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees. The statistical sampling report also is invalid because it was not prepared using accepted statistical sampling methodology and it was not prepared in compliance with Internal Revenue procedures.

28. Because Cajun was not entitled to claim the research credits on its amended 2013 federal tax return, the Grigsbys were not entitled to claim a pro rata share of the research credits.

29. The IRS erroneously issued the Grigsbys the refund claimed on the Grigsbys' Third 2013 Return.

30. The amount of interest due on the erroneous refund as of August 23, 2019, is $65,567.41.

31. This action is timely under 26 U.S.C. § 6532(b).

**WHEREFORE**, the Plaintiff United States of America prays for the following relief:

a. That this Court order, adjudge, and decree that the Defendants Leonard L. Grigsby and Barbara F. Grigsby are jointly and severally indebted to the United States of America in the amount of $713,440.28 for tax year 2013, plus interest on that amount from August 23, 2019 until paid, at the underpayment rate established under 26 U.S.C. §§ 6621 and 6622, and that judgment be entered against them in favor of the United States of America in that amount; and

b. That the United States be granted its costs in this action, and such other relief as the Court deems just and appropriate.

Baton Rouge, Louisiana, this 11th day of September, 2019.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY


/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: chase.zachary@usdoj.gov
LOCAL COUNSEL


RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/ James M. Strandjord
JAMES M. STRANDJORD
NY Reg. No. 5150198
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-3345 (v)
202-514-5238 (f)
James.M.Strandjord@usdoj.gov
LEAD ATTORNEY

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Grigsby, Leonard L. and Grigsby, Barbara F.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: East Baton Rouge
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chase E. Zachary, Assistant U.S. Attorney
777 Florida St., Ste. 208, Baton Rouge, LA 70801
(225) 389-0443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7405(b)

Brief description of cause:
Recovery of erroneous refunds of federal income taxes

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 713,440.28

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/11/2019

SIGNATURE OF ATTORNEY OF RECORD: /s/ Chase E. Zachary

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Louisiana

United States of America )
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No. 19-596
)
Leonard L. Grigsby and Barbara F. Grigsby )
)
)
)
*Defendant(s)* )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Leonard L. Grigsby
19145 W Muirfield Dr.
Baton Rouge, LA 70810-5996

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Chase E. Zachary
Assistant U.S. Attorney
777 Florida St., Ste. 208
Baton Rouge, LA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 19-596

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Louisiana

| | |
|---|---|
| United States of America<br><br><br>*Plaintiff(s)*<br>v.<br>Leonard L. Grigsby and Barbara F. Grigsby<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-596<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Barbara F. Grigsby
19145 W Muirfield Dr.
Baton Rouge, LA 70810-5996

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Chase E. Zachary
Assistant U.S. Attorney
777 Florida St., Ste. 208
Baton Rouge, LA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____           _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. 19-596

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: