# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CIVIL ACTION |
|---|---|
| VERSUS | |
| LEONARD L. GRIGSBY, ET AL. | NO.: 19-596-BAJ-SDJ |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 8)** filed by Leonard L. Grigsby and Barbara F. Grigsby (Defendants). The United States of America (Plaintiff) has filed an opposition (Doc. 15). For the reasons that follow, the **Motion (Doc. 8)** is **DENIED**.

## I. BACKGROUND

During the year 2013, Leonard Grigsby was a member of Cajun Industries, LLC & Subsidiaries ("Cajun"). (Doc. 14 at 2). Cajun elected to be treated as an "S corporation" for federal income tax purposes. *Id.* Leonard and Barbara Grigsby timely filed a joint federal income tax return for the 2013 tax year, claiming an overpayment carryforward to tax year 2014 of $239,310 ("the First 2013 Return). *Id.* The Internal Revenue Service (IRS) applied the $239,310 carryforward to the 2014 tax year. *Id.* After filing their First 2013 Return, Leonard and Barbara Grigsby filed a second joint federal income tax return for 2013 claiming an overpayment carryforward of $259,962 to the 2014 tax year ("the Second 2013 Return"). *Id.* On or about October 3, 2016, Cajun filed an amended federal tax return for its income tax period ending September 30, 2013 that claimed $1,341,420 of research credits under

1

26 U.S.C. § 41. (*Id.* at 3). On or about October 3, 2016, Leonard and Barbara Grigsby filed another amended 2013 federal income tax return ("the Third 2013 Return"). *Id.* The Third 2013 Return claimed a tax refund in the amount of $576,756. *Id.* The claimed refund was attributable to the portion of the research credits claimed on Cajun's amended federal tax return that were allocable to Leonard Grigsby as one of its shareholders. *Id.* On September 18, 2017, the IRS processed the Second 2013 Return as an amended return. (*Id.* at 4). It allowed the additional overpayment of $20,652 claimed on that return. *Id.* The IRS then processed the Third 2013 Return and erroneously allowed the $576,756 refund claimed on that return. *Id.* On September 15, 2017, the IRS erroneously issued to Leonard and Barbara Grigsby a refund in the amount of $671,071.38, which reflected the amount of the refund claimed by the Grigsbys on their Third 2013 Return, plus statutory overpayment interest of $73,663.38. *Id.* The United States now seeks return of the refund given to Defendants pursuant to 26 U.S.C. § 7405.

## II. LEGAL STANDARD

To overcome Defendants' motion to dismiss, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal,* 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's complaint and views those facts in the light most

2

favorable to it. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

**III. DISCUSSION**

Defendants raise several arguments in support of their motion to dismiss. First, Defendants argue that the United States' action is untimely. Suits by the United States for the recovery of erroneous refunds must normally be filed within two years after the making of the refund, which according to the original Complaint was November 4, 2016. *See* 26 U.S.C. § 6532(b). The original Complaint was filed on September 11, 2019, more than nine months after the deadline to file suit. (Doc. 1). However, the United States has filed an amended Complaint, which alleges that the refund was issued on September 15, 2017. (Doc. 14 at 2). Accordingly, the United States has pled sufficient facts to show that this lawsuit is timely.

Second, Defendants argue that the United States' claim should be dismissed because it should be held to a heightened pleading standard. "[Defendants] essentially [argue] that the complaint in this case contains nothing of substance, and is being brought to unjustifiably extract expensive and time-consuming discovery." *United States v. Beltecno Inc. & Subsidiaries*, 2009 WL 2568232, at *3 (W.D. Wash. Aug. 12, 2009).

Defendants rely upon *Mahoney v. United States,* 223 Ct. Cl. 713 (1980). However, Defendants' reliance on *Mahoney* is misplaced. The Court in *Mahoney* held the United States to a heightened pleading standard because the case involved an affirmative defense of offset. In the case at bar, the United States is not seeking an

3

offset, but rather a return of an erroneous refund under 26 U.S.C. § 7405. Thus, *Mahoney* is unpersuasive.

Under Federal Rule of Civil Procedure 8(a)(2), all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants next argue that the United States' claim should be dismissed because it does not set forth such a short and plain statement. The Court disagrees.

Section 7405 of the Internal Revenue Code authorizes the United States to recover any erroneously refunded amounts to a taxpayer through a civil action. *Beltecno Inc.*, 2009 WL 2568232, at *2. In order to prevail, the United States must establish 1) that a refund was paid to the taxpayers, 2) the amount of the refund, 3) that the government's recovery action was timely, and 4) that the taxpayers were not entitled to the refund. *Id.*

Accepting the well-pleaded facts of the United States' Complaint as true and viewing those facts in the light most favorable to it, the Court finds that the United States has sufficiently pleaded these four elements. The Complaint alleges that the United States paid Defendants an erroneous refund of $713,440.28, plus interest on that amount from August 23, 2019 until paid, and that Defendants were not entitled to the refund. (Doc. 14 at 5).

Alternatively, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably

prepare a response." Motions for more definite statements are generally disfavored. *See General Star Indent. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999). As stated above, the Complaint in this case sufficiently states a claim for relief. Accordingly, Defendants' request for a more definite statement is denied.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 8)** is **DENIED**.

Baton Rouge, Louisiana, this 6th day of April, 2020.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**